IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FREDERICK PENNINGTON, III, Individually, and on behalf of his Minor child, Christopher "LEVI" PENNINGTON,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>PROVIDENCE HEALTH & SERVICES-WASHINGTON, d/b/a/ PROVIDENCE SEWARD MEDICAL AND CARE CENTER; CITY OF SEWARD; and OFFICER JAMES ROULEAU,<br><br>　　　Defendant. | ORDER ON ATTORNEY'S FEES<br><br>Case No. 3:10-cv-191-TMB |

## I.　　Introduction

The City of Seward ("Seward") moves for attorney's fees under Alaska Civil Rule 82 ("Rule 82").[1] Plaintiff ("Pennington") asks the Court to (1) exclude paralegal fees billed at trial, (2) deny a request for an enhanced rate of reimbursement, and (3) apply a number of downward variations.[2] For the reasons discussed below, the Court **GRANTS** Seward's motion at **Docket 336** in part, awarding $69,327.84 in attorney's fees to account for post-judgment fees conceded

---

[1] Dkt. 336; *see also* Dkt. 337 (outlining supporting arguments for the motion).

[2] Dkt. 341.

at Docket 343. The Court **DENIES** all further claims in Pennington's motion at **Docket 341**.

## II. Factual Background

On August 26, 2010, Pennington filed a complaint against Providence Seward Medical Center and Providence Health & Services alleging assault, medical negligence, false imprisonment, negligent infliction of emotional distress, vicarious liability, and punitive damages.[3] Pennington amended this complaint on April 19, 2011 to include the City of Seward and Officer James Rouleau as defendants.[4]

After extensive motion practice, a nine-day trial began on February 18, 2014.[5] On March 3, 2014, the jury returned a verdict in favor of defendants.[6] On March 21, 2014, Seward filed a motion for attorney's fees pursuant to Alaska Rule of Civil Procedure 82 ("Rule 82") to recover costs associated with defending against state claims.[7] Although Pennington agrees that Seward is entitled to recover attorney's fees under Rule 82, Pennington raises objections (discussed below) based on paralegal fees billed at trial, the application of an enhanced rate of reimbursement, and the applicability of downward variations for excessive attorney's fees and

---

[3] Dkt. 1.

[4] Dkt. 14. Pennington also amended his complaint a second time on August 29, 2011, and filed a third amended complaint shortly thereafter. Dkt. 32; Dkt. 34.

[5] Dkt. 301.

[6] Dkt. 331.

[7] Dkt. 336.

the impact on future litigation.

### III. Legal Standard

Alaska Rule of Civil Procedure 82 states that "the prevailing party in a civil case shall be awarded attorney's fees."[8] Rule 82 attorney's fees only relate to costs attributable to state claims.[9] Trial courts are granted deference in allocating total costs to state and federal claims.[10] "In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees."[11]

### IV. Discussion

**A. Seward's Allocation of Costs Between State and Federal Claims is Reasonable.**

As a preliminary matter, the Court notes that both parties agree that Seward is entitled to attorney's fees under Rule 82 for the state claims.[12] Additionally, the parties agree to Seward's allocation of costs for the state and federal counts, which splits them equally for an effective

---

[8] ALASKA R. CIV. P. 82(a) [hereinafter R. 82].

[9] *See* R. 82(b); *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 972 (9th Cir. 2013) (noting the uniqueness of Alaska's Rule 82 and how federal statutes are different).

[10] *See Mahoney v. Barlow*, 452 Fed. Appx. 724, 726 (9th Cir. 2011) (affirming the trial court's 50/50 split between federal and state claims); *Evers v. Custer Cnty.*, 745 F.2d 1196, 1205 (9th Cir. 1984) (upholding the trial court's determination regarding the percentage of time spent on state and federal claims because "it would be impossible to distinguish the time spent" on the specific claims).

[11] R. 82(b)(2).

[12] *See* Dkt. 343 at 1 ("Plaintiffs do not contest Defendants' entitlement to attorney fees on the state claims nor the methodology used."); Dkt. 341 at 8 (asking the Court for a reduction in Seward's award of attorney's fees).

50% reduction in Seward's total incurred costs.[13] The Court finds this allocation to be an accurate and reasonable estimate of the time spent in defending against Pennington's state claims.

### B. Seward's Request for Attorney's Fees Cannot Include Post-Judgment Costs.

Pennington asserts that attorney's fees cannot be awarded for work performed after the verdict, and asks for a reduction in attorney's fees to reflect this.[14] Seward concedes that some of their originally requested attorney's fees should not be included as reimbursable under Rule 82.[15] However, the parties disagree as to whether post-verdict or post-judgment attorney's fees should be excluded.[16]

Both parties cite *Torrey v. Hamilton* for their authority.[17] In that case, the Alaska Supreme Court held that "Rule 82 only provides compensation for attorney's services performed *up to the time of the judgment.*"[18] The court in *Torrey* relied on the language of Rule 82(c), which states that a motion for attorney's fees "must be filed within 10 dafter after the date shown

---

[13] *See* Dkt. 341 at 8 (incorporating "Seward's [50%] Reduction"); Dkt. 337 at 3-4. This 50/50 split is consistent with Ninth Circuit precedent. *See Mahoney*, 452 Fed. Appx. at 726; *Evers*, 745 F.2d at 1205.

[14] Dkt 341 at 5 (asking for a reduction of $4,096.00 for "after-verdict fees"). *But see id.* ("The award of fees must only relate to work up to the time of *judgment* . . . .") (emphasis added).

[15] Dkt. 343 at 4-5 (conceding that $3,439 in actual attorney's fees should not be included, equating to a reduction of $859.75).

[16] *Compare* Dkt. 341 at 5 ("All hours billed after the reading of the verdict on March 3, 2014 . . . must be excluded . . . ."), *with* Dkt. 343 at 4 ("Plaintiffs . . . conflate the taking of the verdict with the signing of the Judgment. The Judgment was entered on March 7, 2014.") (citing Dkt. 332).

[17] *Torrey v. Hamilton*, 872 P.2d 186, 187 (Alaska 1994).

[18] *Id.* (emphasis added).

. . . on the judgment."[19] Seward's requested attorney's fees should therefore be reduced from $70,187.79 to $69,327.84 to exclude costs incurred after the judgment on March 7, 2014.[20]

### C. Seward's Paralegal Work at Trial Constitutes Legal Work Under Rule 82(b)(2).

Pennington objects to paying Seward's attorney's fees under Rule 82(b)(2) for paralegal work conducted at trial.[21] Pennington argues that simply "[p]ulling exhibits from binders" is not work "customarily performed by an attorney" and should be excluded for being merely "clerical" and "secretarial."[22] Seward counters that Pennington relied on three attorneys during the trial, including one who performed tasks identical to those performed by their paralegal.[23] Pennington does not object to other paralegal fees included in Seward's request for attorney's fees.[24]

Alaska Rule of Civil Procedure Rule 82(b)(2) states: "The actual fees shall include fees for legal work customarily performed by an attorney but which was delegated to and performed

---

[19] R. 82(c). Seward concedes that they are not entitled to recover any post-judgment attorney's fees. Dkt. 343 at 4-5. Even Pennington notes that attorney's "fees must only relate to work up to the time of *judgment*." Dkt. 341 at 5 (emphasis added).

[20] *See* Dkt. 332 (listing the judgment on March 7, 2014); Dkt 337 at 5 (initially asking for $70,187.79 in attorney's fees); Dkt. 343 at 5 (excluding $3,439 in post-judgment fees, which lowers Seward's original request by $859.75).

[21] *See* Dkt. 341 at 1-3. Seward seeks $1,995 to partially reimburse paralegal work billed during the trial. *See* Dkt. 343 at 2-3.

[22] Dkt. 341 at 3.

[23] *See* Dkt. 343 at 2.

[24] *See* Dkt. 341 at 3 ("Plaintiff moves the Court to exclude Seward's billing . . . for its paralegal work *at trial*.") (emphasis added); Dkt. 338-1 at 5-244 (listing approximately $24,000 in attorney's fees performed by paralegals under "LS" and "RRG" before trial). Some entries unopposed in Seward's request include time billed for a paralegal to observe court proceedings. *See* Dkt. 338-1 at 136 (indicating that RRG "[a]ttend[ed] oral argument and set up for audio transmission").

by an investigator, paralegal or law clerk."[25]  Trial courts are afforded discretion when deciding whether paralegal work constitutes "legal work" for purposes of Rule 82(b)(2).[26]

The Court finds Pennington's arguments unpersuasive. In this case, Pennington had three attorneys at trial as opposed to Seward's one.[27]  At times, Pennington's counsel performed "the very tasks Plaintiffs now assert are 'clerical' and 'secretarial.'"[28]  Further, the descriptions of services rendered by Seward's paralegal at trial include many activities "customarily performed by an attorney."[29]  The Court therefore **DENIES** Pennington's motion to exclude paralegal fees performed at trial from Seward's recovery of attorney's fees.

### D. Seward's Offer of Judgment Validly Invokes Rule 68(b)(2).

Seward argues that because an offer of judgment was made to Pennington on August 30, 2013, Alaska Rule of Civil Procedure 68(b)(2) ("Rule 68") dictates that attorney's fees accrued

---

[25] R. 82(b)(2).

[26] *See NCO Fin. Sys., Inc. v. Ross*, No. S–13557, 2012 WL 1232602, at *6 (Alaska 2012) (holding that the trial court "was in the best position to determine whether the paralegals' work was properly considered attorney work"); *Wasser & Winters Co. v. Ritchie Bros. Auctioneers (Am.), Inc.*, 185 P.3d 73, 83 (Alaska 2008) (remanding for the trial court to make a determination as to what paralegal work constituted legal work under Rule 82(b)(2)).

[27] *See* Dkt. 343 at 2.

[28] *Id.*

[29] R. 82(b)(2); *see* Dkt. 338-1 at 244 (listing "assist[ing] with jury selection"); *id.* at 245 (providing counsel "with the exhibits referred to by counsel during witness testimony"); *id.* (playing video for the jury); *id.* (comparing audio with a transcript); *id.* at 246 (conferring with counsel from both parties about exhibits); *id.* (assisting with the "display of exhibits during testimony"); *id.* at 250 (assisting counsel "with display of exhibits"); *id.* (enlarging "deposition excerpts for use during . . . closing argument"); *id.* at 252-53 (conferring with counsel "regarding audio excerpts" and playing "audio during . . . testimony"); *id.* at 254 (assisting "with the display of exhibits during closing argument").

after that date are reimbursable at 50% rather than the usual 30% under Rule 82(b)(2).[30] Pennington contends Rule 68 should not apply because Seward's offer for $35,000 was insufficient to "compel" a settlement and "served merely as a tactical move in order to enhance Seward's award for attorney's fees."[31] Pennington primarily supports this argument by comparing Seward's offer with their previous offer of judgment.[32]

If an offer of judgment is served by the prevailing party "more than 90 days before the trial began, the offeree shall pay 50 percent of the offeror's reasonable actual attorney's fees."[33] This enhanced rate of recovery applies only after "the date the offer was made," and exists "to encourage settlement and avoid protracted litigation." [34] A prevailing party who merely makes an offer "without any chance or expectation of eliciting acceptance or negotiation do[es] not

---

[30] ALASKA R. CIV. P. 68(b) [hereinafter R. 68] (increasing the percentage of reimbursable "reasonable actual attorney's fees" to 50%); R. 82(b)(2) (stating that "the prevailing party in a case which goes to trial" receives 30% of "reasonable actual attorney's fees" when "the prevailing party recovers no money judgment"); Dkt. 337 at 3. Seward applied Rule 68's enhancement of costs billed after September 4, 2013 "to allow for receipt of the offer by mail." Dkt. 337 at 3 n.4. Seward's offer was for $35,000, while Pennington's last offer of judgment prior to trial was for $60,000. *See* Dkt. 343 at 3.

[31] Dkt. 341 at 3-5 (arguing that "[b]y virtue of Plaintiff's multiple offers to settle, Seward knew or should have known that . . . the offer of judgment was insufficient 'to compel the plaintiff to reassess' his case, as required by the rule") (citing *Beal v. McGuire*, 216 P.3d 1154, 1178 (Alaska 2009)). Pennington's offers to settle the case prior to trial were for $950,000, $4 million, $100,000, and $60,000. *See* Dkt. 343 at 3, 3 n.5.

[32] *See* Dkt. 341 at 3-5. Pennington's offers to settle the case prior to trial according to Seward were for $950,000, $4 million, $100,000, and $60,000. *See* Dkt. 343 at 3, 3 n.5. Pennington offered no evidence of the specific settlement amounts. Dkt. 341 at 4 n.5 ("Plaintiff's offers were for the purpose of settlement only and the exact amounts are not listed, however, they far exceeded Seward's offer of judgment.").

[33] R. 68(b)(2).

[34] R. 68(b); *Beal*, 216 P.3d at 1178.

accomplish the purposes behind the rule" and therefore is not entitled to the application of Rule 68.[35] The Alaska Supreme Court suggests that trial courts consider the timing and amount of an offer in determining whether an offer of judgment is valid under Rule 68.[36]

The Court finds Pennington's argument that Seward's offer of judgment should not trigger the application of Rule 68 to be unpersuasive. In light of the verdict in this case[37] and the amount of Pennington's last offer of settlement,[38] the Court finds that Seward's offer of judgment was reasonable. The fact that Seward prevailed at trial suggests that Pennington should have reassessed his claims and may have been better off reaching a settlement. Pennington's last offer was for $60,000, only $25,000 higher than Seward's offer months before.[39] This indicates the reasonableness of Seward's offer, especially given the timing of the offer in the face of much higher offers by Pennington at the time. The Court finds the timing and amount of Seward's August 30, 2013 offer reasonable and therefore **DENIES** Pennington's

---

[35] *Beal*, 216 P.3d at 1178.

[36] *See Anderson v. Alyeska Pipeline Serv. Co.*, 234 P.3d 1282, 1289 (Alaska 2010) (declining to "explicitly adopt a good-faith test for offers of judgment"); *see also Beal*, 216 P.3d at 1178 (suggesting that trial courts look to four factors developed by the Nevada Supreme Court in *Beattie v. Thomas*) (citing *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983) (listing four factors, including "(1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.")).

[37] *See* Dkt. 331 (indicating a verdict for Seward); Dkt 332 (ordering that Pennington "recover nothing").

[38] *See* Dkt. 343 at 3-4.

[39] *Id*.

motion. Seward is entitled to a 50% rate of recovery for attorney's fees for expenses incurred after September 4, 2013.[40]

### E. Pennington Has Not Shown Case-Specific Circumstances to Merit Downward Variances in Attorney's Fees Under Rule 82(b)(3).

Pennington asks the Court to grant downward variations to attorney's fees because Seward's attorney's fees are excessive, and because of the effect an award this size could have on both Pennington and future litigation.[41] In addition to opposing all but one downward variation, Seward notes a number of factors that could justify an *enhancement* of attorney's fees.[42] Pennington's requests for downward variances are denied.

  i.   *The Court Has Discretion to Award Downward Variances Under Rule 82(b)(3).*

"The court may vary an attorney's fee award . . . [when] the court determines a variation is warranted" under Rule 82(b)(3).[43] Trial courts are "presumptively correct" when applying

---

[40] *See* Rule 68(b)(2) (50% rate of recovery for attorney's fees incurred after offer is made); Dkt. 337 at 3 n.4 (selecting date offer was made as "September 4, 2013 to allow for receipt of the offer by mail").

[41] *See* Dkt. 341 at 5-8. Although this is not technically a downward variance under Rule 82(b)(3), the request for an exclusion of post-judgment fees was treated as a downward variance in both parties' briefs. *Id.* at 5; Dkt. 343 at 4-5. Additionally, although both parties treat Pennington's brief as articulating four distinct arguments for downward variances, the Court treats the third and fourth arguments regarding whether the fees are onerous as one. *See* Dkt. 341 at 6-8; Dkt. 343 at 6.

[42] *See* Dkt. 343 at 4-5 (conceding that post-judgment fees are not recoverable under Rule 82); *id.* at 4 (citing as factors to justify an enhancement of attorney's fees "(1) the complexity of the litigation, (2) the reasonableness of the [number of] attorneys used, . . . [(3)] the reasonableness of the defenses, and [(4)] the relationship of the amount of work and the significance of the matters at stake") (citations omitted) (citing Rules 82(b)(3)(A), (D), (F), (H)).

[43] R. 82(b)(3).

Page **9** of **14**

Case 3:10-cv-00191-TMB   Document 345   Filed 08/28/14   Page 9 of 14

Rule 82(b)(3) factors.[44] Some of these factors include "the attorneys' efforts to minimize fees,"[45] "the extent to which the fees incurred by the prevailing party suggest that they . . . [had] a desire to discourage claims by others,"[46] and "the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts."[47] The non-prevailing party "bears the burden of showing case-specific circumstances that warrant a downward variance under Rule 82(b)(3)."[48]

  ii.  *Pennington Has Not Shown that Seward Demonstrated No Effort to Minimize Fees.*

Pennington argues that because Seward "demonstrated no effort to minimize its fees," the Court should apply a downward variance to Seward's attorney's fees.[49] Specifically, Pennington cites the overall cost of Seward's attorney's fees in comparison to their $35,000 offer of judgment.[50] Seward counters by highlighting that Pennington did not disclose the hourly billing rate for their own attorneys, and emphasizes that Pennington "do[es] not point to a single billing

---

[44] *See Williams v. Fagnani*, 228 P.3d 71, 76-77 (Alaska 2010) (holding that the trial court has "the discretion to vary the fee award based on a consideration of various factors . . . . Awards made pursuant to the schedule of Civil Rule 82(b) are presumptively correct").

[45] R. 82(b)(3)(E).

[46] R. 82(b)(3)(J).

[47] R. 82(b)(3)(I). A court may also determine a variation is warranted if "other equitable factors [are] deemed relevant." R. 82(b)(3)(K) (allowing this variation if the court articulates reasons).

[48] *Monzingo v. Alaska Air Grp., Inc.*, 112 P.3d 655, 668 (Alaska 2005).

[49] Dkt. 341 at 6.

[50] *Id.* (noting that Seward "billed an astounding $365,533.64 in fees, but offered to settle the case for a mere $35,000, an amount which is ten times less than the amount of fees billed").

entry that is excessive[,] nor do they complain about the hourly rate."[51]

The Alaska Supreme Court in *Rhodes v. Erion* rejected an argument that an attorney's fees award should be reduced because it was greater than the amount in controversy, explaining: "[w]e will not overturn an attorney's fees award solely because the amount of actual fees upon which the award is based exceeds or is close to the amount in controversy."[52] The Court therefore rejects Pennington's argument that Seward's award should be reduced based on Seward's $35,000 offer of judgment. The Court agrees that, because Pennington did not offer any information regarding Pennington's own attorney's fees or efforts to minimize those fees, it is difficult for the Court to scrutinize Seward's "efforts to minimize fees."[53] The Court also notes that Pennington did not contest either the billable rate or the total hours billed.[54] Because Pennington's argument that Seward made no efforts to minimize fees appears to be based solely on the fact that Seward's offer of judgment was "ten times less than the amount of fees billed,"[55] the Court denies Pennington's request for a Rule 82(b)(3)(E) downward variance.

> iii. *Pennington Has Not Proven That Seward's Attorney's Fees Would Be Onerous to Plaintiff or Deter Future Litigation.*

Pennington argues that Seward's requested attorney's fees would be "onerous," and "could unfairly prejudice a litigant's access to the courts[,] . . . could offend due process[, and]

---

[51] Dkt. 343 at 5.

[52] *Rhodes v. Erion*, 189 P.3d 1051, 1053 (Alaska 2008) (quoting *Magill v. Nelbro Packing Co.*, 43 P.3d 140, 144 (Alaska 2001)) (alteration in original).

[53] *See* Dkt. 341 at 6; Dkt. 343 at 5 (arguing that a downward variance might only be warranted if the Court were able to compare billing).

[54] *See* Dkt. 343 at 5.

[55] *See* Dkt. 341 at 6.

Case 3:10-cv-00191-TMB   Document 345   Filed 08/28/14   Page 11 of 14

. . . would be extremely financially detrimental to Plaintiff and his son."[56] To correct this problem, Pennington proposes a 75% reduction in attorney's fees.[57] Seward counters that without any specific information regarding assets, Pennington has "failed to prove any financial hardship" and therefore should not be entitled to a downward variance in attorney's fees.[58] Additionally, Seward asserts that their request for attorney's fees is not "an attempt to stifle the filing of claims."[59]

> Pennington asserts:
>
> Plaintiff is a single father of a severely disabled son. As a teacher, he earns only a modest income. Any award of attorney's fees will be extremely onerous on him. He litigated this case in good [sic] and was without the financial backing of Seward. A large fee award would be extremely financially detrimental to Plaintiff and his son.[60]

This information alone is not enough for the Court to find that an award of attorney's fees would be too burdensome. Pennington cites to nothing in the record to support the claim that such an award would be "extremely financially detrimental."[61] Indeed, Seward persuasively argues that

---

[56] Dkt. 341 at 6-7 (emphasizing that Pennington is a teacher with "only a modest income"). Pennington also contends that when others learn of the award of attorney's fees in this case, it could deter similar, justifiable claims "from the voluntary use of the courts." *Id.* at 8 (citing R. 82(b)(3)(I)).

[57] *Id.*

[58] Dkt. 343 at 6. Seward also notes that "the State of Oregon is largely responsible for the cost of caring for" Pennington's son. *Id.*

[59] *Id.* ("This Court no doubt has concluded whether similar claims should be encouraged or discouraged. Plaintiffs appear to believe more of such claims should be encouraged. Defendants disagree."). Seward also notes that any award of attorney's fees will only "recover a small portion of the fees incurred." *Id.*

[60] Dkt. 341 at 7.

[61] *See id.* at 6-7.

without any specific financial information, Pennington has "failed to prove any financial hardship."[62]

Pennington also argues that the amount of the award will deter similarly situated litigants from voluntary use of the courts, and that "Seward's fees are intended to discourage claims by other litigants."[63] Pennington offers no support for his suggestion that the fees incurred by Seward "suggest that [Seward] had been influenced by . . . a desire to discourage claims by others."[64] Based on the Court's finding that Seward's requested attorney's fees are reasonable and not onerous to Plaintiff, the Court does not find that the fee award will deter similarly situated litigants from the voluntary use of the courts. The Court therefore denies Pennington's request for a Rule 82(b)(3)(I)-(K) downward variance based on a possibly onerous financial burden to Plaintiff, or on the potential impact the award may have on future litigants.

## V. Conclusion

For the reasons discussed above, the Court **GRANTS** Seward's motion for attorney's fees at **Docket 336**, except for a conceded downward adjustment in the amount of $859.75 to account for post-judgment fees. The Court **DENIES** Pennington's motion for downward

---

[62] Dkt. 343 at 6.

[63] *See* Dkt. 341 at 8; R. 82(b)(3)(I) (allowing a variation if "a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts"); R. 82(b)(3)(J) (permitting a variation based on "the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party").

[64] R. 82(b)(3)(J).

variances at **Docket 341**.  Seward is awarded **$69,327.84** in attorney's fees against Pennington.

Dated at Anchorage, Alaska, this 28th day of August, 2014.

<u>/s/ Timothy M. Burgess</u>
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

Page **14** of **14**

Case 3:10-cv-00191-TMB   Document 345   Filed 08/28/14   Page 14 of 14